UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT K.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5172 RAJ

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Robert K. seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the opinions of testifying medical expert Paul Wiese, Ph.D., consulting examiner David Morgan, Ph.D., and consulting examiner Peter Weiss, Ph.D. Pl. Op. Br. (Dkt. 7) at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

Plaintiff is 49 years old, has a sixth-grade education, and has worked as a cook. Admin. Record ("AR") (Dkt. 5) 87, 103, 110. On July 29, 2013, Plaintiff applied for benefits, alleging disability as of June 1, 2011. AR 103. Plaintiff's applications were denied initially and on

reconsideration. AR 101-46. On June 22, 2015, ALJ Rudolph Murgo held a hearing on Plaintiff's claims. AR 39-66. ALJ Murgo issued a decision on October 6, 2015, in which he found Plaintiff not disabled. AR 150-62.

On April 20, 2017, the Appeals Council vacated ALJ Murgo's decision and remanded the case back to the ALJ. AR 167-71.

On remand, ALJ Murgo held a second hearing, at which he took testimony from Plaintiff, medical expert Paul Wiese, Ph.D., and vocational expert Paul Morrison. AR 67-100. On February 5, 2018, ALJ Murgo issued a decision once again finding Plaintiff not disabled. AR 15-32.

## II. THE ALJ'S DECISION

Using the five-step disability evaluation process, 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since June 1, 2011, the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: Schizoaffective disorder (bipolar type), and bipolar II disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[1]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with exceptions. He can perform simple, routine tasks (at a specific vocational preparation level one or two, with a general educational development level of two or less). He can have superficial coworker contact and no public contact.

**Step four:** Plaintiff has no past relevant work.

**Step five:** There are jobs that exist in significant numbers in the national economy that Plaintiff can perform, so Plaintiff is not disabled.

---

[1] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

AR 15-32.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-3.

### III.     DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  Each of an ALJ's findings must be supported by substantial evidence.  *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002).  When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.     Dr. Wiese**

Plaintiff argues that the ALJ erred in evaluating the opinions of Dr. Wiese, a testifying medical expert.  Pl. Op. Br. at 3-7.  Dr. Wiese did not examine Plaintiff, but did review Plaintiff's medical records.  AR 71-72.  Dr. Wiese opined that Plaintiff suffered from schizoaffective disorder, bipolar type, as well as polysubstance abuse or dependence.  AR 77.

Dr. Wiese noted that Plaintiff suffered from auditory and visual hallucinations, but concluded that Plaintiff's marijuana use was not responsible for these symptoms. *Id.* Dr. Wiese initially opined that Plaintiff would meet listings 12.03 and 12.04[2] based on schizoaffective disorder, bipolar type. AR 72-78. Dr. Wiese addressed the Paragraph B criteria for each listing, testifying that Plaintiff was moderately limited in his ability to understand, remember, and apply information. AR 78. He testified that Plaintiff was markedly limited in his ability to interact with others; concentrate, persist, and maintain pace; and adapt or manage himself. *Id.*

The ALJ then examined Dr. Wiese, questioning him on how Plaintiff's alcohol and marijuana use affected Plaintiff's limitations. AR 78-81. Dr. Wiese initially testified that alcohol use did not change the limitations. AR 78. However, the ALJ pointed to several specific records and challenged Dr. Wiese's conclusion. *See* AR 79-80. Dr. Wiese then admitted he had failed to notice these specific records, and revised his opinion, testifying that if Plaintiff's alcohol and marijuana use stopped, he would only be moderately limited in his ability to interact with others; concentrate, persist, and maintain pace; and adapt or manage himself. AR 81. As a result, Plaintiff would not meet a listing. *See id.*

The ALJ gave Dr. Wiese's opinions "partial weight." AR 27-29. The ALJ rejected Dr. Wiese's opinion that Plaintiff's drug and alcohol use caused him more than minimal limitations. AR 28-29. Because the ALJ rejected Dr. Wiese's opinion that Plaintiff had limitations due to drug and alcohol use, the ALJ also rejected Dr. Wiese's opinion that Plaintiff would meet a

---

[2] A claimant may be found disabled if he meets the criteria of a medical listing. *See* 20 C.F.R. Part 404, Subpart P, App'x 1. To be found disabled under listing 12.03 or 12.04, a claimant must meet the criteria under paragraphs A and B, or paragraphs A and C. To satisfy the paragraph B criteria, Plaintiff must have at least one extreme or two marked limitations in the following areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. Part 404, Subpart P, App'x 1, § 12.01.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

listing when his drug and alcohol use were taken into consideration. *See* AR 28-29.

Plaintiff argues that the ALJ erred because he rejected Dr. Wiese's opinion that Plaintiff's drug and alcohol use were material to whether Plaintiff met a listing, and also rejected Dr. Wiese's initial opinion that Plaintiff met the Paragraph B criteria. Pl. Op. Br. at 5-7. First, Plaintiff has not shown that the ALJ erred in rejecting Dr. Wiese's opinion that drug and alcohol use were material to whether Plaintiff met a listing. An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted). The ALJ pointed to specific evidence in the record showing that Plaintiff's drug and alcohol use caused no more than minimal limitations. AR 28-29. The ALJ noted that the only substances Plaintiff used were marijuana and alcohol. AR 28. The medical record showed that marijuana did not cause Plaintiff's symptoms, as Dr. Wiese himself noted. AR 28, 77. The medical record did not support a finding that alcohol use impaired Plaintiff, either. *Id.* For example, Plaintiff had been drinking just before a visit with Steve Bellinger, PA-C, yet his mental examination was normal. AR 28, 593.

Second, in arguing that the ALJ erroneously rejected Dr. Wiese's opinion that Plaintiff met the Paragraph B criteria, Plaintiff fails to note that Dr. Wiese changed his opinion while he was testifying. Dr. Wiese initially indicated that Plaintiff would meet a listing regardless of drug or alcohol use. AR 78. But Dr. Wiese then revised his opinion, stating that Plaintiff would only meet a listing if his drug and alcohol use were taken into consideration. AR 80-81. As explained above, the ALJ reasonably rejected Dr. Wiese's revised opinion because he found that the medical evidence did not support a finding that Plaintiff's drug and alcohol use were so limiting that Plaintiff would meet a listing. AR 28-29. Dr. Wiese's initial opinion—that Plaintiff met the

Paragraph B criteria regardless of drug or alcohol use—was no longer a valid opinion because Dr. Wiese himself abandoned it. *See* AR 81. The ALJ thus had no obligation to address that opinion. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (holding that an ALJ need not address evidence that is "neither significant nor probative"). Plaintiff has therefore failed to show that the ALJ harmfully erred in evaluating Dr. Wiese's opinions.

**B.  Dr. Morgan**

Plaintiff argues that the ALJ erred in evaluating the opinions of examining psychologist Dr. Morgan. Pl. Op. Br. at 7-10. On July 11, 2013, Dr. Morgan opined that Plaintiff was markedly limited in his ability to maintain a regular schedule, adapt to changes in a workplace setting, communicate effectively in a work setting, set realistic goals, and plan independently. AR 444. Dr. Morgan found that Plaintiff was severely limited in his ability to complete a normal work day or week without interruptions from his psychologically-based symptoms, and maintain appropriate behavior in a work setting. *Id.* Dr. Morgan opined that Plaintiff was mildly to moderately limited in his ability to perform other basic work activities. *Id.* Dr. Morgan opined that Plaintiff's impairments would last nine months with available treatment. AR 445.

Dr. Morgan completed a second evaluation of Plaintiff on April 2, 2014. AR 471-75. Dr. Morgan's opinions remained the same, except that he found that Plaintiff was markedly, rather than severely, limited in his ability to complete a normal work day or week without interruptions from his psychologically-based symptoms. AR 473. Dr. Morgan found that Plaintiff's limitations would last seven months with available treatment. AR 474.

The ALJ gave Dr. Morgan's opinions "partial weight." AR 26. The ALJ accepted Dr. Morgan's opinions that Plaintiff was only mildly to moderately limited in several areas of basic work activity. *Id.* The ALJ rejected the remainder of Dr. Morgan's opinions because he

determined that they were inconsistent with the objective medical evidence, and they were limited to nine-month[3] periods. AR 26-27. The ALJ noted that "Dr. Morgan did not have the opportunity to review the entire record when forming his opinion." AR 27. The ALJ further reasoned that "Dr. Morgan's opinions are not in functionally relevant terms and were written for a state agency with apparently a different assessment tool." *Id.* The ALJ last reasoned that Dr. Morgan's opinions were contradicted by the fact that Plaintiff "began attending church 'a lot,' and he enjoyed the social support from that activity." *Id.*

The ALJ erred in rejecting Dr. Morgan's opinions. An ALJ may only reject the opinions of an examining doctor, when contradicted, by giving specific and legitimate reasons supported by substantial evidence in the record for doing so. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes*, 881 F.2d at 751).

The ALJ first erred in rejecting Dr. Morgan's opinions as inconsistent with the medical evidence. *See* AR 27. An ALJ "cannot simply pick out a few isolated instances" of normal functioning that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). The ALJ pointed to records in which providers noted that Plaintiff was "cooperative." AR 27. But at most, if not all, of the

---

[3] The ALJ mistakenly wrote that Dr. Morgan stated in his second opinion that Plaintiff's limitations would last nine months, when in fact that report appears to state that Plaintiff's limitations could be expected to last seven months. *See* AR 474. This error has no impact on the result here.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

appointments those records referred to, Plaintiff's providers noted symptoms including self-harm behaviors (such as cutting the inside of his hand in response to emotional pain), impulsivity, inability to concentrate, memory loss, anger outbursts, anxiety, delusions, and irritability. AR 454, 459, 462, 509, 512, 514, 518, 522, 526, 554. The ALJ did not accurately represent the record, and erred in rejecting Dr. Morgan's opinions as inconsistent with the medical evidence. *See Reddick*, 157 F.3d at 722-23 (finding error when the ALJ's "paraphrasing of record material [was] not entirely accurate regarding the content or tone of the record").

The ALJ next erred in rejecting Dr. Morgan's opinions because they were limited to nine-month periods. *See* AR 27. To be eligible for disability benefits, an individual must show that he suffers from one or more impairments that has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(a). Although Dr. Morgan did opine in each of his reports that Plaintiff's limitations could be expected to last less than 12 months, those reports covered overlapping time periods. *See* AR 41-45, 471-75. Dr. Morgan opined in July 2013 that Plaintiff's limitations could be expected to last for nine months. AR 445. In March 2014, a little less than nine months later, Dr. Morgan signed his second report, in which he largely maintained the same opinions. *See* AR 471-75. He opined at that time that Plaintiff's impairments could be expected to last seven months with available treatment. AR 475. Taking the two reports together, Dr. Morgan therefore opined that Plaintiff's limitations could be expected to last for a continuous period of at least 16 months. The ALJ thus erred in rejecting Dr. Morgan's opinions because they were limited to periods of less than 12 months.

The ALJ also erred in rejecting Dr. Morgan's opinions based on the finding that he "did not have the opportunity to review the entire record when forming his opinion." AR 27. This reason is too vague because it does not explain or identify what in the record could have led Dr.

Morgan to change his opinion. *Cf. Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

The ALJ's fourth reason for rejecting Dr. Morgan's opinions—that they were not given in "functionally relevant terms"—is entirely without merit. The form on which Dr. Morgan gave his opinions is one that regularly appears in Social Security cases. Moreover, the opinions are clearly in functionally relevant terms. The phrases used in Dr. Morgan's opinions are very similar to those used in the Commissioner's own rulings. For example, Dr. Morgan opined that Plaintiff was markedly limited in his ability to "[c]ommunicate and perform effectively in a work setting," and in his ability to "[a]dapt to changes in a routine work setting." AR 444, 473. Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3 (1985), gives examples of "basic work activities" including "responding appropriately to supervision, coworkers, and usual situations," and "dealing with changes in a routine work setting." The ALJ's job is to interpret the medical record and translate it into an RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The ALJ could not reasonably reject Dr. Morgan's opinions, which used language similar to language the Commissioner uses in analyzing disability, on the basis that they were not given in functionally relevant terms.

The ALJ last erred in rejecting Dr. Morgan's opinions for being inconsistent with Plaintiff's daily activities. The ALJ noted that Plaintiff attends church "a lot," but there is only a single reference in the record to this effect. AR 638. The records during this time continually

note that Plaintiff worries that people are trying to "get" him. AR 638, 640, 643-44, 648-49. The ALJ did not accurately summarize the record, nor was it reasonable for him to conclude that Plaintiff's purported attendance at church contradicted Dr. Morgan's opinions, particularly when those opinions covered much more than just social interaction. *See* AR 444, 473. Substantial evidence does not support the ALJ's finding that Plaintiff's church attendance contradicted Dr. Morgan's opinions. The ALJ thus erred in rejecting Dr. Morgan's opinions.

**C.     Dr. Weiss**

Plaintiff argues that the ALJ erred in evaluating the opinions of examining psychologist Dr. Weiss. Pl. Op. Br. at 10-12. Dr. Weiss examined Plaintiff in March 2016. AR 556-60. He opined that Plaintiff was severely limited in his ability to maintain a regular schedule, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete a normal work day or week without interruptions from his psychologically based symptoms, and set realistic goals and plan independently. AR 558.

The ALJ gave Dr. Weiss's opinions "partial weight." AR 26. The ALJ reasoned that "Dr. Weiss's severe limits on planning and goals are inconsistent with [Plaintiff's] woodworking and his work on the trailer." *Id.* The ALJ reasoned that the remainder of Dr. Weiss's severe limitations were inconsistent with the medical evidence and Plaintiff's attendance at church. *Id.*

The ALJ erred in rejecting Dr. Weiss's opinion that Plaintiff was severely limited in his ability to plan independently and set goals. Plaintiff testified that he refurbished antique furniture, sanding, staining, and polishing items such as desks and tables. AR 91, 93-95. He explained that he does this when he gets angry, so he may go back to a project three to five times a day. AR 95. Contrary to the ALJ's finding, this does not show that Plaintiff can plan independently or set goals, particularly in a structured work environment. Plaintiff works on

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10

impulse, not according to a plan or goal. *See id.* Moreover, there is no evidence as to how long it takes Plaintiff to refurbish a piece, how complex the pieces are, and how well Plaintiff refurbishes the furniture. The ALJ's determination is not supported by substantial evidence, and the ALJ erred in rejecting Dr. Weiss's opinion that Plaintiff was severely limited in his ability to plan independently and set goals. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

The ALJ also erred in rejecting Dr. Weiss's opinions as inconsistent with the medical evidence and Plaintiff's attendance at church. As explained above with respect to Dr. Morgan's opinions, the ALJ did not reasonably interpret the medical evidence or Plaintiff's daily activities. *See supra* Part III.B. The ALJ therefore erred in rejecting Dr. Weiss's opinions.

**D.    Scope of Remedy**

Plaintiff asks the Court to remand this matter for an immediate award of benefits. Pl. Op. Br. at 12-13. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es]

the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further proceedings. The doctors do not agree as to the extent of Plaintiff's limitations. *Compare* AR 108-09, and 131-32, *with* AR 444-45, 473-74, 558. Plaintiff alleged an onset date of June 1, 2011, but the earliest medical records are from July 2013. *See* AR 316, 321, 442-650. The Court cannot resolve conflicts in the medical evidence, nor can it determine Plaintiff's onset date. Remand is thus necessary.

On remand, the ALJ shall reevaluate the opinions of Dr. Morgan and Dr. Weiss, and reevaluate the steps of the disability evaluation process, as necessary. The ALJ shall conduct all further proceedings as necessary to reevaluate the disability determination in light of this opinion.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of November, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge